### ALEXIS v. KOEHLER.

(Supreme Court, Appellate Term. November 30, 1909.)

BANKRUPTCY (§ 114*)—RECEIVERS—INDIVIDUAL LIABILITY.

 Where premises were subleased to a company, which subsequently became bankrupt, and it did not appear that the company's receiver, after he was appointed, took possession of or occupied the premises, or that he exceeded his authority as receiver, or entered into any personal obligation to pay the rent, he was not individually liable therefor.

 [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Theodore Alexis against Jerome H. Koehler. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Pratt, Koehler & Russell, for appellant.
Adolphus D. Pape, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEABURY, J.  The plaintiff was the lessee of a part of the premises No. 209 William street, which he sublet to Furrer & Carey, Incorporated.  The evidence is very unsatisfactory as to who actually occupied the basement of these premises.  Furrer & Carey was adjudicated a bankrupt on December 21, 1908, and the defendant was duly appointed receiver of the estate of the insolvent corporation.  The evidence does not establish that the defendant took possession of or occupied the basement of the premises after he was appointed receiver. Notwithstanding this condition of the evidence, the court below has rendered judgment against the defendant individually for the rent of the basement.  In the absence of proof that the defendant took possession of the basement of the premises, or that he exceeded his authority as receiver, or that he entered into any personal obligation to pay the rent, the defendant could not be held individually liable for the rent of the basement.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.